IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

AUTOMOTIVE LIFT INSTITUTE, INC.

        Plaintiff,

v.

NORTH AMERICAN AUTO EQUIPMENT, INC.

        Defendant.

Case No. 5:21-cv-00882 (TJM/ML)

*Filed Electronically*

**PERMANENT INJUNCTION ON CONSENT**

    **THIS MATTER** was brought before the Court by way of a complaint seeking equitable and legal relief under the Copyright Act, 17 U.S.C. § 501 et. seq., the Lanham Act, 15 U.S.C. § 1125(a) and New York General Business Law §§ 349 and 350 et seq. Defendant thereafter interposed an answer wherein it denied plaintiff's allegations and asserted various affirmative defenses. The parties, without conceding to any claims and defenses raised in the litigation and without admission or finding of liability now consent to the entry of the within Permanent Injunction.

    The parties hereto consent to the following factual findings

    1.    Plaintiff, Automotive Lift Institute, Inc. ("ALI") is a not-for-profit trade association of automotive lift manufacturers and distributors whose mission is to promote the safe design, construction, service and use of automotive lifts.

    2.    ALI's lift certification program ensures compliance with standards promulgated by the American National Standards Institute (ANSI). ALI also publishes various materials for automotive lifts, including safety manuals, safety tips cards and uniform warning label placards.

3. ALI is the owner of multiple copyright registrations, including the U.S. Copyright Registration No. VA0000634769 (the Copyright registrations and the ALI content created using copyright-protected material shall be referred to herein collectively as the "Copyrights").

4. ALI is also the owner of multiple trademarks registered with the U.S. Patent and Trademark office (collectively, the "Marks").

5. ALI's Copyrights and Marks are used by ALI in varying degrees in materials produced by ALI that support its safety mission (the "Materials"). ALI authorizes the use of its Materials by ALI members; ALI sells certain safety materials to both members and non-members.

6. ALI monitors the industry to flag instances where Materials, as well as copied or "bootlegged" versions of the Materials (the "Infringing Materials") are being used without purchase from or permission by ALI. ALI alleges that improper use of Materials or use of Infringing Materials poses risk of serious injury or death to end-users in the industry.

7. North American Auto Equipment, Inc. ("NAAE") is a distributor of automotive lifts purchased at wholesale and manufactured by third parties. NAAE is not a member of ALI.

8. In connection with its sale of automotive lifts, NAAE also distributes product manuals and safety materials to purchasers, which manuals and materials are provided to NAAE by the product manufactures, importers and distributors at wholesale.

9. Plaintiff alleges that Defendant has distributed ALI Materials and Infringing Materials without authorization. Defendant has denied the allegations and alleges that any distribution of such Materials or Infringing Materials was without its advance knowledge of any claim of ownership by ALI.

10. The parties have reached a compromise of the disputed claims and counterclaims

2

and have requested that this Court enter the within Permanent Injunction on Consent and without any admission of liability.

11. The Plaintiff and the Defendant acknowledge the personal and subject matter jurisdiction of this Court and waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; without admitting any of the specific allegations of the Complaint except jurisdiction; and having waived any objections with regard to the right to appeal this Consent Judgment.

It further appearing that this Court has jurisdiction over the subject matter hereof;

It is, upon the consent of ALI and NAAE, hereby **ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C. § 1121, 17 U.S.C. §§ 501 and 502; and 28 U.S.C. §§ 1331, 1338(a) and (b), 1367 and 1400. Venue in this district is proper pursuant to 28 U.S.C. § 1391. Service was properly made against the Defendant and the Defendant does not contest service or jurisdiction.

2. NAAE, its subsidiaries, affiliates, owners, directors, officers, agents, servants, employees, representatives, successors and assigns and all those persons in active concert or participation with them who receive notice of this Permanent Injunction by personal service or otherwise, and each of them, agree to be and hereby are permanently enjoined and restrained from the use, distribution, copying or creation of derivative works of the Copyrights and Materials of ALI, and further agree to be and are hereby permanently enjoined and restrained from the use, reproduction, imitation or trafficking in any product bearing the Marks or any marks similar thereto or any products which are likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by ALI or the dilution, blurring or tarnishment of the Marks.

3. In the event that the material terms of this injunction are violated, ALI shall provide NAAE with written notice thereof. NAAE shall have 10 (ten) business days from receipt of the written notice to effect a cure. If the alleged violation is not cured, Plaintiff may seek relief in this Court.

6. Each party shall bear its own costs and fees, except as otherwise agreed to in writing.

7. This Court retains jurisdiction to enforce the terms of this Permanent Injunction and may in its discretion award reasonable attorneys' fees and court costs to the prevailing party in any enforcement action for breach of any provision of this Order. In the event that Plaintiff prevails in an enforcement action against Defendant for breach of this Order, Defendant will be required to pay to Plaintiff its liquidated damages of $10,000 or actual damages, whichever amount is greater.

12. The parties have entered into a separate agreement with regard to a confidential settlement. It is unnecessary to file such separate agreement with the Court and it shall not be filed with this Court or further specified in this Order. The parties shall comply with the terms set forth in that separate agreement.

7/20/22

Thomas J. McAvoy, U.S.D.J.

The undersigned consent to the
form and entery of the within Order

LAW OFFICE OF SHARON M.
SULIMOWIZ

By: _____
*Attorneys for Plaintiff Automotive Lift
Institute, Inc.*

WEINER LAW GROUP, LLP

By: _____
By: Jay R. McDaniel
*Attorneys for North American Auto
Equipment, Inc.*

Permanent Injunction on Consen:2374514_1